581 A.2d 949

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth James MOBLEY, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1990.

Filed Oct. 31, 1990.

J. Randall Miller, Asst. Public Defender, Altoona, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com.

Before KELLY, HUDOCK and MONTGOMERY, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed upon the Appellant after he was adjudged guilty of several violations of the Controlled Substance Act (Act), 35 P.S. §§ 780–101–780–144, following the revocation of his probation without verdict, 35 P.S. § 780–117, and the denial of his motion to withdraw the pleas of guilty given pursuant to the Act. A timely motion for reconsideration and modification of sentence was denied by the trial court and Appellant was sentenced to a cumulative term of imprisonment of not less than fourteen nor more than thirty months. This direct appeal followed. We affirm.

The factual background leading to the revocation of Appellant's probation without verdict and subsequent sentence is as follows: In September, 1987, Trooper Matthew Wright of the Pennsylvania State Police observed what he believed to be marijuana plants growing on Appellant's rural homestead in Juniata Township after the helicopter in which he was a passenger had descended from an altitude of about 400 feet to an altitude of 25 to 50 feet in order to permit a visual inspection. The pilot then landed the helicopter on Appellant's lawn approximately 25 feet from his house trailer. Appellant eventually admitted to Trooper Wright that he owned the plants seen from the helicopter, and led Trooper Wright to a shed on his property containing approximately ninety marijuana seedlings as well as various electrical equipment used to cultivate the plants.

Appellant was charged with the manufacture or possession, with intent to manufacture or deliver marijuana, the possession of marijuana, and the possession of paraphernalia. In October, 1987, counsel for Appellant filed an omnibus pre-trial motion which included, *inter alia*, a motion for probation without verdict. Over the strong objection of the Commonwealth, the trial court later decided to afford Appellant probation without verdict. An extensive colloquy was then conducted by the court in order to ascertain whether Appellant understood the nature of such a disposition and consented to the waiver of his rights which were involved in pursuing this disposition of the case. After Appellant demonstrated that he understood and consented, a plea of guilty was tendered to the trial court pursuant to § 780–117, *supra*. The terms of the probation without verdict mandated compliance with an after-care plan developed by Gateway Rehabilitation Clinic and required Appellant to abstain from the use or consumption of alcohol or any non-prescribed drug for a period of five years.

In November, 1988, Appellant suffered a work-related injury to his hand that required surgery and resulted in his temporary unemployment. On November 22, 1988, after drinking for the better part of the day, he ran a red light in

the city of Altoona while riding his motorcycle and collided with an automobile. As a result of this accident, Appellant was charged with driving under the influence of alcohol, 75 Pa.C.S.A. § 3731. Based upon this charge, to which Appellant intended to enter a plea of guilty, the Commonwealth filed a written motion asking the court to terminate Appellant's probation without verdict. Meanwhile, defense counsel, anticipating the revocation of probation without verdict, filed a motion seeking leave to withdraw the plea of guilty that Appellant previously tendered to the trial court. Hearing on this motion, as well as the Commonwealth's motion to terminate probation without verdict, and Appellant's guilty plea to the DUI charge, were all scheduled to be heard on July 3, 1989.

On that date the trial court, after accepting Appellant's guilty plea to the DUI charge, granted the motion of the Commonwealth for termination of Appellant's probation without verdict. Explaining that it was proper to apply the post-sentence test of "manifest injustice" to determine the merit of Appellant's motion for leave to withdraw his guilty plea, the trial court then denied the motion. Appellant was then sentenced on all of the charges he then faced, including a term of imprisonment of not less than 45 days, nor more than eighteen months, on the DUI charge.

On appeal, Appellant first claims that the trial court applied the wrong test in determining whether to grant his motion for leave to withdraw his plea. As cogently recognized by the trial court, the question of what standard is to be applied when such a motion is filed, after a defendant's case has been disposed by probation without a verdict, is an issue of first impression in this Commonwealth. After a careful review of the different standards applicable to such motions, depending upon when they were made, we conclude that the post-sentence standard is the appropriate test in the present factual situation. Thus, the trial court did not err in its determination of the standard to be applied.

In *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court of Pennsylvania, in articulating

the standards to be utilized in evaluating whether a defendant should be entitled to withdraw a guilty plea, looked to the following ABA Standards:

> (b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty ... as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. (Citations omitted).

*Id.*, 450 Pa. at 191, 299 A.2d at 271.

Probation without verdict presents a unique problem when choosing between these two standards. Under the provision, a defendant must enter a plea of *nolo contendere* or guilty to gain entry into the program and that plea is accepted by the trial court. However, sentence is not entered and the record is expunged upon successful completion of the program. The dilemma arises when, as in this case, the defendant violates probation without verdict and then attempts to withdraw the guilty plea entered to qualify for the program. We conclude that while probation without verdict represents a disposition short of sentence, in actuality it has the same finality as a sentence in that it disposes of a criminal case, subject to the condition that the defendant abide by the terms of the probation. It is more akin to standard probation, which is a sentence, rather than a guilty plea where sentence has not yet been imposed. Where a defendant is admitted into the program, there is nothing more to be done by the court if defendant abides by all the conditions of the program, other than to expunge the record of the successful probationer. For all these reasons, we hold that the trial court did not err in applying the post-sentence standard in deciding Appellant's motion.

 Having determined that the post-sentence standard is the test to be applied in the instant case, we must now consider whether the trial court correctly utilized this standard when it denied Appellant's motion to withdraw.

When considering the propriety of a trial court's denial of a motion to withdraw a guilty plea, we are bound by the determination of that court unless we find that it committed an abuse of discretion. *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984). As stated above, the post-sentence standard to be applied when determining a motion to withdraw is whether a manifest injustice would result from the denial of the motion. A showing of "manifest injustice" to justify a withdrawal of a guilty plea requires a showing that the plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Warren*, 307 Pa.Super. 221, 453 A.2d 5 (1982). No such showing has been made by Appellant in the present case. A review of Appellant's plea colloquy, which was both extensive and detailed, clearly indicates that Appellant's plea was voluntarily and understandingly tendered. *See Commonwealth v. Cole*, 387 Pa.Super. 328, 564 A.2d 203 (1989). Thus, the trial court correctly applied the post-sentence standard in denying the motion to withdraw the guilty plea.

Appellant next claims that the sentence imposed upon him by the trial court was unlawful, excessive, and lacked a sufficient basis in reliable, relevant information about the nature of the offense and the character of Appellant. Since the latter two allegations regarding the sentence implicate discretionary aspects of sentencing, Appellant's right to appeal is not absolute. An appeal only may be granted if the appellate court, in its discretion, finds that there is a substantial question that the sentence imposed is inappropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b) (Purdon 1982); *Commonwealth v. Walker*, 390 Pa.Super. 76, 568 A.2d 201 (1989); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

While Appellant claims that the sentence fails to take into consideration his rehabilitative needs and it was manifestly excessive, he does admit that the cumulative sentence was within the statutory limits and within the

sentencing guidelines established for the crimes to which he pled guilty. A challenge to the weight accorded sentencing factors does not raise a substantial question absent extraordinary circumstances. *Commonwealth v. Osteen,* 381 Pa. Super. 120, 552 A.2d 1124 (1988). We find no such circumstances to be present in the present case. Furthermore, a claim of excessiveness does not raise a substantial question where the sentence is within the statutory limits. *Commonwealth v. Dungan,* 372 Pa.Super. 323, 539 A.2d 817 (1988). Thus, these claims by Appellant do not raise a substantial question.

■ As stated above, Appellant also claims that the sentence imposed upon him was not sufficiently based on reliable and relevant information. More specifically, Appellant claims that the trial court's statement that he was a "manipulator" and that he continued to drink while on probation were not supported by sufficient evidence. We note that a pre-sentence investigation report had been prepared for the court which would provide sufficient background information upon which the sentence was based. Moreover, the existence of such a report eliminates the need for an on the record articulation of the reasons for the sentence. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Thus, we conclude that this claim also fails to raise a substantial question.[1]

■ Finally, Appellant claims that his sentence was unlawful because it consisted of two separate terms of imprisonment for the crimes of manufacture or possession with intent to manufacture a controlled substance and the use or possession of drug paraphernalia for the purpose of planting, cultivating, growing or manufacturing a con-

---

1. It should be noted that, had we not been required to engage in the substantial question analysis mandated by 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A., we would nonetheless conclude that Appellant's arguments regarding the discretionary aspects of his sentence are meritless and relief is not warranted.

trolled substance. In effect, Appellant is arguing that these two crimes should have merged for sentencing purposes. We do not agree.[2]

The doctrine of merger has been abolished in Pennsylvania in all matters except for lesser included offenses. *Commonwealth v. Williams*, 521 Pa. 556, 559 A.2d 25 (1989). An offense is a "lesser included offense" if the elements of the lesser offense are identical to and are capable of being wholly subsumed within the elements of the greater offense and the factual predicate for the lesser included offense is part of the factual predicate required to establish the greater offense. *Commonwealth v. Yates*, 386 Pa.Super. 282, 562 A.2d 908 (1989). However, where one statutory provision requires proof of a fact which the other does not, an act which is in violation of both provisions will constitute two separate offenses which do not merge for sentencing purposes. *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985). In the present case, the statutory provision prohibiting manufacture or possession with intent to manufacture does not require proof of the use or possession of drug paraphernalia such that the offenses do not merge. Thus, the sentence imposed upon Appellant in the present case was not unlawful.

Judgment of sentence is affirmed.

---

**2.** Because the legality of a sentence is always reviewable by this Court it is unnecessary to engage in a substantial question analysis as to this claim.