J-S55020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MILO NEWLON, | |
| Appellant | No. 182 WDA 2015 |

Appeal from the Judgment of Sentence Entered December 19, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s):
CP-25-CR-0000772-2014
CP-25-CR-0000779-2014

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 19, 2015**

Appellant, Milo Newlon, appeals from the judgment of sentence of an aggregate term of 34 to 68 years' imprisonment, imposed after he pled guilty in two separate cases to two counts each of indecent assault (18 Pa.C.S. § 3126(a)(7)) and endangering the welfare of children (18 Pa.C.S. § 4304(a)), as well as single counts of corruption of minors (18 Pa.C.S. § 6301(a)(1)), involuntary deviate sexual intercourse (18 Pa.C.S. § 3123(b)), aggravated indecent assault of a child (18 Pa.C.S. § 3125(a)(8)), and rape of a child (18 Pa.C.S. § 3121(c)). Appellant asserts that his sentence is manifestly excessive and an abuse of the trial court's discretion. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 8, 2014, Appellant pled guilty to the above-listed offenses.[1]  Appellant was initially sentenced to an aggregate term of 40 to 80 years' imprisonment on December 19, 2014.  Appellant filed a timely post-sentence motion for reconsideration of his sentence.  On December 30, 2014, the trial court granted the motion for reconsideration, in part, which resulted in a reduced aggregate sentence of 34 to 68 years' imprisonment.[2]

Appellant subsequently filed a timely notice of appeal on January 29, 2015, along with a Pa.R.A.P. 1925(b) statement.  On appeal, Appellant now presents the following issue for our review:  "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?"  Appellant's Brief at 3.

Initially, we note that Appellant's allegation relates to the discretionary aspects of his sentence.

_____

[1] The charges in the underlying cases stem from Appellant's acts which took place between July 2006 and July 2010, involving his two daughters, S.N. (born in July of 1997) and B.N. (born in July of 1997) (hereinafter the "victims").

[2] The order provides as follows:

> AND NOW, this 30th day of Dec., 2014, upon consideration of the foregoing Motion IT IS HEREBY ORDERED that the Motion is GRANTED in that; 779 of 2014 [count] 7 reduced to: 180 mos. to 360 mos.  [779 of 2014 count] 12 reduced to: 180 mos. to 360 mos.  All other aspects of sentence remain as set and the sentences remain CONSECUTIVE.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record clearly reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a separate, concise Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in *Moury*:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted).

- 3 -

Appellant contends that the trial court abused its discretion in sentencing him to consecutive sentences, resulting in a lengthy term of incarceration, without considering mitigating factors such as Appellant's age, his mental health history, educational background and lack of any prior criminal record. Appellant's Brief at 8. In support of his argument, Appellant avers that he accepted responsibility for his actions at both the preliminary hearing and trial phases of his case, thereby sparing the victims the trauma of testifying at trial. *Id.* Appellant also claims to be extremely remorseful for his actions and maintains that he realizes the consequences of his actions. Additionally, Appellant asserts that at his age of 42, he has essentially been given a life sentence, which he argues is inconsistent with the objectives of Section 9721(b) of the Sentencing Code. *Id.* at 8-9.

There is ample precedent to support a determination that Appellant's claim fails to raise a substantial question. In *Moury*, we stated, "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 171. *See also Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (finding that defendant's claim that his sentence failed to take into account his rehabilitative needs did not raise a substantial question); *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (concluding that a claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Mobley*, 581 A.2d 949,

952 (Pa. Super. 1990) (holding that a claim that sentence failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise substantial question where sentence was within statutory and sentencing guidelines).

Moreover, "[u]nder 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Moury*, 992 A.2d at 171. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id.* at 171-172.

In the instant case, Appellant has been deemed a sexually violent predator and has caused the victims "severe, significant and probably permanent damage." N.T. Sentencing, 12/19/14, at 15, 17. The trial court also noted that there were reasons to sentence in the aggravated range of the guidelines, but the court gave Appellant the benefit of a standard range sentence because he pled guilty, accepted responsibility and spared the victims from having to testify. *Id.* at 17. Based on the foregoing, we do not consider Appellant's sentence to be unduly harsh and, therefore, we conclude that Appellant has failed to raise a substantial question.

However, even if we were to find that Appellant has raised a substantial question, his allegations are without merit.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\*\*\*

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Perry*, 883 A.2d 599, 602-603 (Pa. Super. 2005)

(citations omitted).

We further note:

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Griffin*, 65 A.2d at 837 (citations and internal quotation marks omitted).

Here, Appellant's sentences were all within the standard range of the guidelines. Additionally, we note that not only did the trial court have the

benefit of a PSI, it expressly stated that it considered all of the appropriate relevant factors, as explained in the following portion of its Rule 1925(a) opinion:

> [T]he [c]ourt notes that all of [Appellant's] sentences were from the standard range of the sentencing guidelines, and the [c]ourt was informed by a presentence report. Further, as the [c]ourt noted prior to imposing sentence, it took into consideration all relevant factors, including [Appellant's] age, background, character, prior record (or lack thereof), remorse, cooperation, plea, etc. And in pleading [Appellant] received a significant plea bargain as to the *nolle prossing* of a number of other charges as well as notice by the [c]ourt of his acceptance of responsibility for his crimes. And while [Appellant] may have been remorseful, his crimes went on for years and only ceased when he was apprehended.

Trial Court Opinion (TCO), 2/12/15, at 1 (unpaginated).

The trial court also provided the following detailed explanation of Appellant's sentence at the sentencing hearing:

> The [c]ourt has considered the Pennsylvania Sentencing Code, the rather lengthy presentence report and the Pennsylvania Guidelines on sentencing. The [c]ourt has considered the statements of defense counsel, [Appellant] and the attorney for the Commonwealth. The [c]ourt has considered [Appellant's] age, his background, his character and rehabilitative needs, the nature, circumstances and seriousness of the offenses, the protection of the community and the impact that the offenses ha[ve] had upon the victims.
>
> The [c]ourt would agree with defense counsel that [Appellant] has come forward, pled guilty, accepted responsibility and done what was necessary to keep the children from having to testify, and that is certainly in his favor. It appears that he has expressed some remorse here. I'm not sure how genuine that is. I'm not sure if he's remorseful about what he did or the fact that he was caught. Because it appears from what was going on, that had he not been caught, it probably would still be going on.

[Appellant], in terms of a prior criminal history, according to the presentence report only has two traffic violations, and has been convicted of no misdemeanor or felony charges either as a juvenile or an adult. So he comes before the [c]ourt with a Prior Record Score of zero.

[Appellant] has, according to the presentence, [] been diagnosed with a major depressive disorder and schizophrenia while he has been at the Erie County Prison. It is indeed unfortunate that [Appellant] took advantage of his access and relationship to his two daughters in this case to sexually assault and abuse them.

Counsel has indicated that [Appellant] may have some limited intelligence. But it seems to me that what we are talking about here is basic human value of a parent protecting his children, and I don't believe even most animals would engage in this type of behavior with their young. So I'm not sure intelligence has anything to do with this.

What does have something to do with it is the fact that [Appellant] decided that he would satisfy his own selfish lust by using[] his children as the instrument to accomplish that end. And in doing so, he caused them severe, significant and probably permanent damage that hopefully they will be able to put behind them, but probably will never be able to forget. And it is a pretty sad day when a child who looks to a parent for protection against anything like this happening to them has it happen to them by that very person who is supposed to be the guardian and the protector.

So these children were really in a position where they had no place to turn. They had no one to go to, and they had really nothing to do but reluctantly capitulate. Because over the course of time [Appellant] used threats, he ignored their protestations and on occasion used force to accomplish his ends.

He has been deemed and has admitted and stipulated to the fact that he is a sexually violent predator under Pennsylvania law. The report of Miss Manno found him to be a pedophile, and it is obvious that his actions had a significant effect on his victims, as I have stated. One of the children indicated that: "How my dad affected my life is that I can't even stand getting hugged by an older man and I feel uncomfortable around them even if they are people I know. What my dad did to me makes me scared of things, especially my future."

And the other victim indicated, as the District Attorney has pointed out, that her father started using her when she was nine years old. "It would make me so upset because he was my dad. I'm very upset about all of the things he did to me. He tried to make me believe that it was all my fault that this was happening. I really don't feel like I have a dad. He took all of that away. I really don't trust men anymore. He told me that no one would believe me, and if I did tell someone, that I would go to a foster home and they would treat me bad. That isn't true."

So it's pretty clear that above all, I think these children have expressed a huge amount of disappointment in what they expected a dad to be, and what they expected their father to be, and what they expected their father to do in terms of protecting them and keeping them safe, healthy and allowing them to have the kind of childhood that every child deserves. But, obviously, that didn't happen in this case, unfortunately.

N.T. Sentencing, 12/19/14, at 13-17.

After careful review of the record, we are satisfied that the trial court gave appropriate consideration to the relevant factors before issuing Appellant's sentence and ascertain no abuse of discretion.

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015

- 9 -