J-S06013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEFAN ANTHONY BOURNE | |
| Appellant | No. 558 MDA 2015 |

Appeal from the Judgment of Sentence February 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006184-2014

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 30, 2016**

Appellant, Stefan Anthony Bourne, appeals from the judgment of sentence entered by the Honorable Richard K. Renn, Court of Common Pleas of York County. Additionally, Bourne's court-appointed counsel, Christopher D. Moore, Esquire, filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Moore's petition to withdraw.

The relevant facts and procedural history are as follows. Bourne's case was scheduled to proceed to trial; however, after the jury was selected, but

---

[*] Former Justice specially assigned to the Superior Court.

before the trial began, Bourne elected to enter "open" guilty pleas[1] to charges of possession with the intent to deliver a controlled substance[2] and firearms not to be carried without a license.[3] The trial court, the Honorable Richard K. Renn, subsequently imposed an aggregate term of 3½ to 7 years' imprisonment.

On the day of the sentencing, Bourne's former counsel, Bruce Blocher, Esquire, filed a motion to reconsider the sentence. Bourne later filed a *pro se* motion to withdraw his guilty plea. The trial court denied both motions after holding a hearing. Thereafter, Bourne filed a direct appeal to this Court and Attorney Moore was appointed to represent him. Attorney Moore subsequently filed a petition to withdraw as counsel and an **Anders** brief.

We begin by addressing Attorney Moore's petition to withdraw. If counsel believes an appeal is frivolous and wishes to withdraw representation on appeal, he must follow certain steps.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to

---

[1] An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 6106(a)(1).

> retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

***Santiago***, 978 A.2d at 351 (citation omitted). Substantial compliance with these requirements is sufficient. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5 (citation omitted).

Attorney Moore has substantially complied with the technical requirements of ***Anders*** as articulated in ***Santiago***. Additionally, Attorney Moore sent a copy of the ***Anders*** brief to Bourne, as well as a letter explaining to Bourne that he has the right to proceed *pro se* or retain new counsel. Bourne has not filed a response.

We will now conduct an independent evaluation of the record to determine the accuracy of Attorney Moore's averment that this appeal is wholly frivolous. Attorney Moore set forth a single issue in the ***Anders*** brief, namely, "Whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea?" ***Anders*** Brief, at 4 (unnecessary capitalization omitted).

"Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003) (citation omitted). "There is no absolute

- 3 -

right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." *Id*. (citation omitted). A trial court can only grant a post-sentence motion to withdraw a guilty plea upon a showing of prejudice that amounts to "manifest injustice." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*. (citation omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Id*. (citation omitted).

This Court cannot overturn a trial court's order denying a motion to withdraw a guilty plea absent an abuse of discretion. *See Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990). In the present case, we do not discern any abuse of discretion on behalf of the trial court. At the hearing regarding his *pro se* motion, Bourne argued that he should be allowed to withdraw his guilty plea to the firearms not to be carried without

a license charge because trial counsel did not adequately represent his interests. *See* N.T., Hearing, 4/14/15, at 4, 7. This claim, however, does not merit any relief because claims of ineffectiveness of counsel are generally not ripe until collateral review, and none of the exceptions to this rule are applicable in the instant case. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). We therefore decline to address Bourne's allegations of ineffectiveness of counsel at this time.[4]

While under oath at the hearing, Bourne also argued that he should be allowed to withdraw his guilty plea to the firearms not to be carried without a license charge because the admissions he made during his plea colloquy were not true. *See* N.T., Hearing, 4/14/15, at 4, 7, 11. This argument is also meritless because "[t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Pollard*, 832 A.2d at 523 (citation omitted). If a person elects to plead guilty, "he is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id*. (citation omitted). Here, Bourne explicitly stated during his plea colloquy that he had the firearm in question on his person. *See* N.T., Hearing, 4/14/15, at 9. Bourne may not

---

[4] Bourne may still raise this claim in a petition timely filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

now contradict his sworn testimony in order to obtain relief. *See Pollard*, 832 A.2d at 523.

Our review of the record indicates that Bourne was fully apprised of the consequences of his pleas during his oral colloquy and entered into both pleas knowingly, voluntarily, and intelligently. After examining the issue contained in the *Anders* brief and undertaking our own independent review of the record, we agree with Attorney Moore's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016