J-S85037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL HOWARTH, | : | |
| | : | |
| Appellant | : | No. 839 EDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
in the Court of Common Pleas of Bucks County,
Criminal Division, No(s): CP-09-CR-0001359-2015

BEFORE: PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 13, 2017**

Daniel Howarth ("Howarth") appeals from the judgment of sentence imposed following his guilty pleas to conspiracy to commit aggravated assault, simple assault, recklessly endangering another person and disorderly conduct.[1] We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. **See** Trial Court Opinion, 5/2/16, at 1-2.

On appeal, Howarth raises the following issue for our review: "Did the [trial c]ourt err in imposing a sentence of not less than two and one half

---

[1] **See** 18 Pa.C.S.A. §§ 903, 2702(a)(1), 2701(a)(3), 2705, 5503(a)(4).

[years,] nor more than five years [in prison,] followed by five years of probation?" Brief for Appellant at 4.[2]

Howarth contends that the sentencing court failed to consider his lack of a criminal record, age, rehabilitative needs, troubled background, decision to plead guilty, and his expression of remorse. *Id*. at 11. Howarth claims that, although the sentencing court described in its Opinion the futile efforts made by the juvenile probation department to rehabilitate Howarth, the court made no mention of this deficiency at the sentencing hearing. *Id*. Howarth argues that, when sentencing him, the sentencing court's primary focus was the seriousness of the crime, and the distinction between co-defendants. *Id*. Howarth contends that the sentencing court abused its discretion by sentencing him to a state prison term, rather than imposing a mitigated-range sentence, which would have permitted Howarth to remain in the county jail. *Id*. at 12. Howarth emphasizes that this was his first violent crime, the complainant took the first step toward violent behavior, and the assaultive behavior resulting in injury was not linked to Howarth. *Id*. Howarth claims that the sentence imposed is unduly harsh and excessive, given his role in the crimes, his background, and his young age.[3] *Id*. at 13.

---

[2] Although Howarth stated his issue somewhat differently in his Concise Statement, we will review his issue. *See* Pa.R.A.P 2116(a).

[3] Howarth states that he was 18-years-old at the time of the crime. *See* Brief for Appellant at 10.

In its Opinion, the sentencing court addressed Howarth's issue, set forth the relevant law, and concluded that the issue lacks merit. ***See*** Trial Court Opinion, 5/2/16, at 3-7. We agree with the reasoning of the sentencing court and affirm on this basis as to Howarth's issue. ***See id***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. CP-09-CR-1359-2015
:
v. :
:
DANIEL HOWARTH :

## OPINION

On appeal, the appellant challenges the sentence he received from this Court for Conspiracy to Commit Aggravated Assault and related charges. This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## I. FACTS AND PROCEDURE

On June 15, 2015, the appellant pled guilty to Conspiracy to Commit Aggravated Assault[1], Simple Assault[2], Recklessly Endangering Another Person[3], and Disorderly Conduct[4] based upon the following facts:

On the night of October 19, 2014, William Kitcherman heard a loud banging at the front door while he was watching TV in bed at home. N.T. 6/15/15, p. 14. Mr. Kitcherman did not answer the front door, but then he heard knocking at his bedroom window and saw the co-defendants, Erwin Baker, David Randall and the appellant. N.T. 6/15/15, p. 15. Mr. Kitcherman had past contacts with all three individuals. N.T. 6/15/15, p. 15. Raymond Muldowney, Mr. Kitcherman's stepfather, confronted the co-defendants and the appellant at the front door and had a verbal altercation with them. N.T. 6/15/15, p. 15. Mr. Muldowney pushed Mr. Baker out of

---

[1] 18 Pa.C.S.A. § 903 and 18 Pa.C.S.A. § 2702(a)(1).
[2] 18 Pa.C.S.A. § 2701(a)(3).
[3] 18 Pa.C.S.A. § 2705.
[4] 18 Pa.C.S.A. § 5503(a)(4).

1

18

the doorway, and Mr. Baker fell to the ground. N.T. 6/15/15, pp. 15-16. The two co-defendants and the appellant punched Mr. Muldowney in the face causing him to fall, and they "kicked and stomped and punched" him. N.T. 6/15/15, p. 16. They all fled before the arrival of the police. N.T. 6/15/15, p. 16. Mr. Muldowney was subsequently diagnosed with "a punctured lung and several broken ribs." N.T. 6/15/15, p. 16.

Sentencing was deferred for a presentence investigation report. N.T. 6/15/15, p. 37.

On November 25, 2015, the appellant was sentenced to thirty months to ten years in a state correctional facility as to Count 1. On Count 2, he was sentenced to a concurrent two years probation. No further penalty was imposed as to Counts 3 and 4. N.T. 11/25/15, p. 35. On December 3, 2015, the appellant filed a Motion for Reconsideration of Sentence. On January 19, 2016, the appellant's Motion for Reconsideration was granted. N.T. 1/19/16, p. 8. As to Count 1, the appellant was sentenced to two and-a-half to five years and a consecutive five years probation. N.T. 1/19/16, p. 8. As to Count 2, he was sentenced to a concurrent two years probation. N.T. 1/19/16, p. 8. No further penalty was imposed as to Counts 3 and 4. N.T. 1/19/16, pp. 8-9.

On March 2, 2016, the appellant filed a Petition for Post-Conviction Collateral Relief, seeking re-instatement of his direct appeal rights *nunc pro tunc*. On March 15, 2016, the appellant's Petition was granted. The appellant filed a Notice of Appeal on March 16, 2016.

## II.     STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On April 1, 2016, the appellant submitted a Concise Statement of Errors Complained of on Appeal, raising the following issues for review, *verbatim*:

1. The sentencing court focused only on the seriousness of the crimes charged.

2

2. The sentence was manifestly excessive and unduly harsh, in view of Defendant's troubled childhood, guilty plea lack of an adult criminal history and unusual circumstances of this crime.

## III. DISCUSSION

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Allen, 24 A.3d 1058, 1064 (Pa. Super. Ct. 2011) (citations omitted). An appellant challenging the discretionary aspects of his sentence must meet the following requirements:

> An appellant must invoke the reviewing court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has [set forth in a separate section a concise statement of the reasons relied upon for allowance of appeal in accordance with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Id.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. Ct. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. Ct. 2015) (citations omitted).

Here, the appellant does not assert that the sentence was inconsistent with any statutory or sentencing guidelines. He contends that "[t]he sentencing court focused only on the

3

20

seriousness of the crimes charged," and that "[t]he sentence was manifestly excessive and unduly harsh, in view of Defendant's troubled childhood, guilty plea[,] lack of an adult criminal history and unusual circumstances of this crime."

The appellant's claims fail to raise a substantial question. "[The Superior Court] has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for [its] review." Commonwealth v. Downing, 990 A.2d 788, 794 (Pa. Super. Ct. 2010) (citation omitted); See also Commonwealth v. Griffin, 65 A.3d 932, 936 (Pa. Super. Ct. 2013) (finding that defendant's claim that his sentence failed to take into account his rehabilitative needs did not raise a substantial question); Commonwealth v. Cannon, 954 A.2d 1222, 1229 (Pa. Super, Ct. 2008) (concluding that the defendant failed to present a substantial question when he claimed that trial court had failed to consider his rehabilitative needs, age, and educational background); Commonwealth v. Mobley, 581 A.2d 949, 952 (Pa. Super. Ct. 1990) (holding that a claim that the sentence failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where the sentence was within statutory and sentencing guidelines).

However, even if we were to find that the appellant has raised a substantial question, his allegations are without merit.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
> . . .
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the

4

best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Commonwealth v. Perry, 883 A.2d 599, 602-03 (Pa. Super. Ct. 2005) (citations omitted).

We further note:

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Griffin, 65 A.3d at 937 (citations and internal quotation marks omitted). A trial court's sentence cannot be considered excessive, absent more, when it was within the standard range of the Sentencing Guidelines and a presentence investigation report was considered. Com. v. Cruz-Centeno, 668 A.2d 536, 546 (Pa. Super. Ct. 1995).

This Court ordered and considered a presentence investigation which provided a thorough review of the relevant factors.

According to the presentence investigation report, on September 25, 2012, the appellant was placed on a conditional six month Consent Decree. The underlying offenses were Theft By Unlawful Taking and Receiving Stolen Property. The appellant was arrested for False Identification to Law Enforcement on March 4, 2013. At the Adjudication and Disposition Hearing, the petition that resulted in the above Consent Decree was withdrawn, along with two other petitions that had been filed for smoking on school property and non-payment of fines, and the appellant was adjudicated delinquent in the False Identification to Law Enforcement case. He was placed on indefinite probation with conditions. On October 29, 2013, the appellant was found in violation of his probation during a Violation Hearing, and the Court ordered that the

5

22

appellant be placed on probation, cooperate with ninety days at the Community Service Foundation Restorative Reporting Center (RRC), undergo electronic monitoring and attend school at Pennsbury. The appellant was discharged from the RRC, but the Twilight Program (an alternative school) noted a decline in his effort in school immediately after his being discharged. The appellant received a citation for underage drinking on March 30, 2014, and the Court ordered that he be returned to the RRC during a Disposition Review Hearing on April 8, 2014. On July 1, 2014, at a Violation Hearing, the appellant was found in violation of his probation and ordered to be held at the Bucks County Youth Center pending placement at the Abraxas Leadership Development Program for sixty days. On August 29, 2014, at a Placement Review Hearing, the Court ordered that the appellant be discharged from Abraxas and returned home on indefinite probation with conditions. On October 19, 2014, the appellant committed the assault on Mr. Muldowney in this case. PSI, pp. 4-6.

After reviewing the appellant's juvenile history, the Court concluded that Daniel Howarth "has a less lengthy history than Erwin Baker" in Juvenile Court. N.T. 1/19/16, pp. 10, 14; N.T. 11/25/15, pp. 6, 7, 21. It should be noted that the appellant was caught shoplifting from a 7-11 Store at the age of eleven or twelve. He began smoking marijuana at approximately the same age and started drinking heavily at about thirteen years old. The appellant was given many services through the Juvenile Court system, but he failed to take full advantage of these opportunities. PSI, p. 11. The appellant's age was also specifically considered. N.T. 11/25/15, p. 34; N.T. 1/19/16, pp. 8, 9.

When assessing "the nature of the offense and the seriousness of the injuries involved," the Court emphasized that this was a "brutal assault" where the victim's "bones were broken." Furthermore, the appellant went to victim's home. N.T. 1/19/16, p. 16; N.T. 11/25/15, pp. 31,

6

32. The Court carefully compared the relative histories and roles of the appellant and Mr. Baker in this assault. N.T. 1/19/16, p. 14; N.T. 11/25/15, pp. 34-35.

The Court's sentence was within the standard range of the guidelines. The standard ranges for all Counts are as follows: 22-36 for Count 1; RS-1 for Count 2; RS-1 for Count 3; RS-RS for Count 4. Guideline Sentence Forms 1-4, Pennsylvania Commission on Sentencing, 6/15/15. As to Count 1, the appellant was sentenced to two and-a-half to five years and a consecutive five years probation. N.T. 1/19/16, p. 8. As to Count 2, he was sentenced to a concurrent two years probation. N.T. 1/19/16, p. 8. No further penalty was imposed as to Counts 3 and 4. N.T. 1/19/16, pp. 8-9. Additionally, the Court sentenced the appellant below the presentence investigation recommendation. N.T. 1/19/16, p. 9.

It should be noted that at the reconsideration hearing, the appellant argued that a sentence of thirty months to ten years would make it more likely that the appellant would be denied parole and the Court reconsidered sentence on that basis. N.T. 1/19/16, p.6.

After careful review of the record, this Court gave appropriate consideration of relevant factors before imposing sentence. Thus, the appellant's contentions are without merit.

DATE: *May 2, 2016*

BY THE COURT,

REA B. BOYLAN, J.

7

24