J-S36020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NADIR TRAMEL, :
:
Appellant : No. 2118 EDA 2016

Appeal from the Judgment of Sentence June 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001031-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 24, 2018**

Appellant, Nadir Tramel, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas after he entered an open guilty plea to Robbery, Criminal Conspiracy, Persons Not to Possess Firearms, and Carrying a Firearm Without a License.[1]  On appeal, he challenges the discretionary aspects of his sentence.  After careful review, we affirm.

Briefly, on December 5, 2014, Appellant and an unidentified conspirator robbed the victim of $5 and a Kindle tablet using a gun.  Appellant pointed the gun at the victim's neck during the robbery and warned the victim not to move while his conspirator searched the victim's pockets in an alley.

---

[1] 18 Pa.C.S. § 3701(a)(1); 18 Pa.C.S. § 903; 18 Pa.C.S. § 6105(a)(1); and 18 Pa.C.S. § 6106(a)(1), respectively.

After the victim escaped and reported the crime, police located Appellant and his conspirator nearby. They both fled from police. As he was running, Appellant tossed the firearm, which police later recovered and determined was operable. Appellant's conspirator escaped, but police caught and arrested Appellant. Appellant did not have a license to carry a firearm and he is disqualified from carrying a firearm due to his prior Robbery adjudications. *See* N.T. Plea, 3/10/16, at 10-11.

On March 10, 2016, Appellant entered an open guilty plea to the above offenses. The trial court ordered a pre-sentence investigation report and deferred sentencing.

On June 2, 2016, the court sentenced Appellant to an aggregate term of five to twelve years' incarceration. Appellant filed a timely Post-Sentence Motion for Reconsideration challenging the court's sentence as excessive, which the trial court denied on June 8, 2016.

On July 3, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

> Did the lower court abuse its discretion in sentencing Appellant to [five to twelve] years['] incarceration for this first adult offense, committed at the age of 18 while he was a senior in high school and was under the influence of a controlled substance?

Appellant's Brief at 5.

Here, Appellant avers that the trial court failed to consider various mitigating factors adequately, such as the details of his prior record score of

- 2 -

repeat felony 1 and felony 2 offender, and imposed an excessive sentence as a result. Appellant's Brief at 4, 8-9. Appellant recognizes that his sentence fell below even the mitigated range of the sentencing guidelines. Appellant's Brief at 7, 9.

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.* (citation omitted).

Appellant's claim does not present a "substantial question" for review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). Appellant acknowledges that his sentence fell below the mitigated range of the sentencing guidelines. Appellant's Brief at 7, 9.

It is clear from our precedent that Appellant has failed to raise a substantial question with respect to his sentencing arguments. ***See, e.g., Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013) (claim that the trial court failed to consider defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question); ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines). ***See also Commonwealth v. Miklos***, 159 A.3d 962, 970 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1042 (Pa. 2017) (holding that an argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review); ***Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).[2]

---

[2] Moreover, even had Appellant presented a substantial question, he would not be entitled to relief. The trial court acknowledged and considered each of the factors Appellant points out, including the pre-sentence investigation report designating Appellant a repeat felony offender at age 18, the facts of this case, and Appellant's open guilty plea. ***See*** Trial Court Opinion, filed

In light of the foregoing, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18

_____

9/8/17, at 2-4; N.T. Sentencing, 6/2/16, at 3-4, 13-18. Further, the trial court departed below even the mitigated range of the sentencing guidelines, which indicates that it recognized and credited mitigating factors. After thoroughly reviewing the record, including the sentencing transcript, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, there is no merit to Appellant's sentencing claims.