J-S27013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW E. HAMMEL | |
| Appellant | No. 341 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 28, 2021
In the Court of Common Pleas of Carbon County
Criminal Division at No: CP-13-CR-0001185-2019

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 22, 2022**

Appellant, Matthew E. Hammel, appeals from the June 28, 2021 judgment of sentence imposing 60 to 120 months of incarceration for robbery—threat of immediate serious bodily injury (18 Pa.C.S.A. § 3701(a)(1)(ii)).  We affirm.

The underlying facts, as recited at Appellant's plea colloquy, are as follows:

> On October 1 of 2019, Officer Joel Gulla was dispatched to Domino's Pizza for a report of robbery.  The officer spoke to a female employee who stated that she had just been robbed.  She further stated that while getting into her vehicle, a male wearing a black hooded sweatshirt and a shiny mask ripped open her car door and demanded that she hand over the deposit bag that contained $276 in cash.  Having previous knowledge of a former employee who lived in the area, a search was conducted around the travel path of that residence on Bankway Street.
>
> During the search, a black sweatshirt and mask were found in the grass in the area of the suspect's residence.  Contact was

made with a female at that residence who identified the sweatshirt and mask as belonging to [Appellant], Matthew Hammel, who had been detained. [Appellant] again was identified as Matthew Hammel. The owner of the property also gave consent to search the residence. Inside they found a deposit bag with the stolen cash that was recovered. [Appellant] was transported to the station where he was advised of his **Miranda**[1] warnings. He waived and admitted to the robbery of Domino's to support his drug habit and to support his family.

N.T. Hearing, 6/22/21, at 8-9.

Appellant was charged with robbery and related offenses and pled guilty to one count of robbery on June 22, 2021. The Commonwealth dismissed the remaining charges, but the sentence was not negotiated. The trial court imposed a sentence of five to ten years of incarceration—within the standard guideline range—on June 28, 2021.[2] On June 29, 2021, Appellant filed a motion for an extension of time within which to file his post-sentence motion. The trial court did not act on that motion. On July 13, 2021, Appellant filed a motion to modify his sentence, in which he argued that his rehabilitative needs warranted a lesser sentence. The trial court denied the motion on December 29, 2021. Appellant filed this appeal on January 18, 2022. He raises three issues for our review:

1. Did the trial court abuse its discretion in failing to modify the original sentence here as recorded testimony addressed at the October 25, 2021 hearing readily described that at the time of

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] The June 28, 2021 judgment of sentence incorporated a ministerial modification of the June 22, 2021 sentence entered at the conclusion of the original guilty plea and sentencing hearing.

commission of the underlying offense [Appellant] had severe longstanding addiction issues but now his rehabilitative needs cannot be met by reason of lack of drug rehabilitation programs due to the Covid-19 pandemic?

2. Did the trial court abuse its discretion in not modifying the original sentence as a lesser minimum sentence would still mesh with the impact of the life of the victim who admittedly would be satisfied with a sentence at the low end of the applicable standard range?

3. Would a shortening of the minimum sentence, but extension of the maximum sentence, necessarily still be entirely consistent with the factors enumerated at 42 Pa.C.S.A. § 9721(b) and therefore it was error for the trial court note to adopt such proposal as advanced by [Appellant]?

Appellant's Brief at 5.

Before we address the merits, we must determine whether this appeal is timely. Because an untimely appeal deprives this Court of jurisdiction, we may raise the issue *sua sponte*. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015). Appellant's motion to modify sentence, filed on July 13, 2021, fifteen days after the June 28, 2021 judgment of sentence, was facially untimely. The deadline was ten days after the judgment of sentence. Pa.R.Crim.P. 720(A)(1). Appellant's June 29, 2021 request for an extension of time to file his post-sentence motion did not forestall the ten-day deadline, as the trial court never acted on that motion. **Capaldi**, 112 A.3d at 1244. The absence of a timely post-sentence motion meant that Appellant's notice of appeal was due on July 28, 2021, thirty days after entry of the judgment of sentence. Pa.R.Crim.P. 720(A)(3). Appellant filed the instant appeal on

January 18, 2022, after the trial court's December 29, 2021 order denying his untimely post-sentence motion. This appeal is facially untimely.

We observe, however, that the sentencing court is required by rule to inform the defendant on the record of his post-sentence and appellate rights, and the deadlines attendant thereto. Pa.R.Crim.P. 704(C)(3)(a). Nothing in the certified record confirms that the trial court fulfilled its obligation under Rule 704(C)(3)(a). Appellant was not informed of his post-sentence and appeal rights during the sentencing hearing. Likewise, the written sentencing order does not advise Appellant of his post-sentence and appellate rights. These circumstances constitute a breakdown in the functioning of the court that excuses the facially untimely notice of appeal. ***Commonwealth v. Patterson***, 940 A.2d 493, 498-99 (Pa. Super. 2007), ***appeal denied***, 960 A.2d 838 (Pa. 2008). We therefore proceed to the merits.

Each of Appellant's assertions of error challenges the trial court's sentencing discretion. An appellant must meet several procedural requirements to preserve this issue. In addition to raising the issue in a post sentence motion and filing a timely notice of appeal, which we have already addressed, the appellant must file a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We will proceed to the merits if, and only if, the Rule 2119(f) statement sets forth a substantial question as to the propriety of the sentencing court's exercise of discretion. ***Commonwealth v. Glass***, 50 A.3d 720, 726-27 (Pa. Super. 2012), ***appeal***

*denied*, 63 A.3d 774 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 727.

Here, Appellant claims, without citation to any authority, that his sentence is excessive because the trial court failed to account for Appellant's rehabilitative needs. Appellant's Brief at 14-15. The law is to the contrary. Where the sentence falls within the standard guideline range, as does Appellant's, an argument that the trial court failed to give adequate weight to Appellant's rehabilitative needs does not raise a substantial question. *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990). Further, the record reflects that the trial court acknowledged and considered Appellant's rehabilitative needs at the original sentencing and at the hearing on Appellant's post-sentence motion. N.T. Hearing, 6/22/21, at 11-12; N.T. Hearing, 8/25/21, at 8-11. Based on all the foregoing, Appellant has failed to raise a substantial question as to the propriety of his sentence. No appellate relief is available.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2022