J-S59017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CORRY CAMPBELL, | |
| Appellant | No. 1987 EDA 2015 |

Appeal from the Judgment of Sentence of April 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006357-2014

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 09, 2016**

Appellant, Corry Campbell, appeals from the judgment of sentence entered April 9, 2015 following his guilty pleas to aggravated assault, criminal conspiracy, and false imprisonment.[1]  Upon review, we affirm.

Appellant pled guilty to the above-mentioned offenses on December 22, 2014.  The charges arose from a two-day incident during which Appellant, in combination with other individuals, restrained, beat, and forcibly tattooed the victim with racially, religiously, and sexually offensive words and images.  The incident, which the perpetrators recorded by cellular telephone video, caused the victim to be hospitalized for four days with broken ribs, fractured facial bones, and other injuries.  At the conclusion of a

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 903(c), and 2903(a), respectively.

*Former Justice specially assigned to the Superior Court.

sentencing hearing on April 9, 2015, the court sentenced Appellant to an aggregate term of eight to 20 years' incarceration, followed by five years of probation.[2]

Following imposition of sentence, Appellant's trial counsel advised Appellant that he had a right to file a post-sentence motion within ten days. **See** N.T. Sentencing, 4/9/15, at 38. Trial counsel next advised Appellant that he a right to file an appeal challenging his conviction. **Id**. Neither counsel nor the trial court advised Appellant of the 30-day time-period within which he needed to file a notice of appeal.

On April 22, 2015 — three days after the deadline to file a post-sentence motion elapsed — Appellant filed a "Motion for Leave to File Motion to Modify Sentence, Nunc Pro Tunc." The motion asked the trial court to reconsider Appellant's sentence in view of, *inter alia*, the nature of the injuries inflicted upon the victim, Appellant's history of mental health problems, and Appellant's limited prior criminal history. Motion for Leave to File Motion to Modify Sentence, Nunc Pro Tunc, 4/22/15. The motion included no explanation for the untimely filing. On May 4, 2015, the trial

---

[2] Appellant received a four to ten-year sentence for aggravated assault. In addition, the court imposed a consecutive four to ten-year sentence for criminal conspiracy. Lastly, the court imposed a consecutive five-year probationary sentence for false imprisonment. N.T. Sentencing, 4/9/15, at 35. The sentences for aggravated assault and false imprisonment fall within the aggravated range of the sentencing guidelines. **See id**. at 29.

court denied the motion without a hearing.[3]   Appellant filed his notice of

appeal on May 22, 2015.  Thereafter, Appellant filed a timely, court-ordered

concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b).   The discretionary sentencing challenge Appellant now raises on

appeal was included in his concise statement.

Appellant raises the following question for our review:

Did the [trial] court abuse its discretion by failing to adequately
consider [Appellant's background and history, resulting in a
unreasonable sentence]?

Appellant's Brief at 4.

Before we address Appellant's discretionary sentencing challenge, we

must consider whether this appeal is timely, as this Court lacks jurisdiction

over untimely appeals.[4]   We may raise such jurisdictional issues *sua sponte*.

***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

In cases where no post-sentence motion is filed, a defendant must file

an appeal within 30 days of imposition of sentence in open court.

Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3).   If a defendant files a timely

_____

[3] The order denying Appellant's motion to reconsider was comprised simply
of a handwritten notation on a form scheduling a hearing on the
reconsideration motion.   It did not advise Appellant that he had 30 days
from the imposition of sentence in which to file an appeal.

[4] This Court issued a rule to show cause on August 4, 2015 and Appellant
filed a timely response on August 17, 2015.   The issue was then referred to
this panel for disposition.

post-sentence motion, the appeal period does not begin to run until the motion is decided.  Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a).  In general, a defendant must file a post-sentence motion within ten days of imposition of sentence.  Pa.R.Crim.P. 720(A)(1).  An untimely post-sentence motion does not toll the appeal period. **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

In this case, Appellant filed his post-sentence motion on April 22, 2015, or 13 days after imposition of sentence.  Therefore, Appellant's untimely post-sentence motion would toll the appeal period only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*.

Under **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*), a post-sentence motion filed *nunc pro tunc* will toll the appeal period where two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*.  "Th[is] request [for] relief is separate and distinct from the merits of the underlying post-sentence motion." **Id.** at 1128–1129.  Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc* within 30 days of imposition of sentence.  **Id.** at 1128 and n.6.  "If the trial court does not

expressly grant *nunc pro* tunc relief, the time for filing an appeal is neither tolled nor extended." **Id.** at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." **Id.** at 1129.

Applying these principles, we conclude that Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period. Rule 720(A)(2) does not apply because Appellant failed to file a timely post-sentence motion. **Green**, 862 A.2d at 618. Additionally, **Dreves** does not aid Appellant because he fails to satisfy either prerequisite for *nunc pro tunc* relief. Regarding **Dreves'** first prerequisite, Appellant's post-sentence motion included no explanation for the untimely filing. Appellant did not request the trial court to consider the motion *nunc pro tunc*, but merely included the words "*nunc pro tunc*" in the heading of the motion. "Merely designating a motion as 'post-sentence motion nunc pro tunc' is not enough." **Dreves**, 839 A.2d at 1128. Rather, the moving defendant must ask for *nunc pro tunc* relief and provide reasons to support it. Appellant did neither of these things.

Turning to the second prerequisite, the trial court did not "expressly grant" *nunc pro tunc* relief. No order granting *nunc pro tunc* relief exists, and **Dreves** requires an express grant. In addition, we may not infer that the court granted *nunc pro tunc* relief simply because the court issued an order addressing the merits of the motion or because the court addressed

- 5 -

Appellant's claims in its Pa.R.A.P. 1925(a) opinion filed November 6, 2015. *See Commonwealth v. Wright*, 846 A.2d 730, 734 (Pa. Super. 2004) (holding trial court erred in addressing defendant's post-sentence motion *nunc pro tunc* where defendant did not request reinstatement of, and trial court did not expressly grant, defendant's right to file post-sentence motion *nunc pro tunc*).

Because Appellant's post-sentence motion *nunc pro tunc* did not toll the appeal period, he needed to file his appeal within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Appellant was sentenced on April 9, 2015. He filed this appeal on May 22, 2015, 43 days later. The appeal is therefore untimely.

Although in general an appellate court cannot extend the time for filing an appeal, this general rule does not affect the authority to grant relief in the case of fraud or breakdown in the administration of the court. *Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995), *citing* Pa.R.A.P. 105(b). Thus, before we quash the instant appeal, we must determine whether an administrative breakdown in the court system excused Appellant's untimely filing.

We have held that a breakdown occurs where the trial court, at sentencing, either failed to advise the defendant of his post-sentence and appellate rights or misadvised him. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001); *Commonwealth v. Bogden*, 528

A.2d 168, 170 (Pa. Super. 1987). We have also found a breakdown where the trial court, in denying the defendant's untimely post-sentence motion for reconsideration, failed to advise the defendant that he had to file an appeal within 30 days of imposition of sentence. ***Commonwealth v. Patterson***, 940 A.2d 493, 498-500 (Pa. Super. 2007). Both of these scenarios occurred here. At sentencing, trial counsel advised Appellant on the record that he had the right to file a post-sentence motion within ten days and that he had the right to appeal his conviction. Appellant was not advised, however, that an appeal needed to be filed within 30 days. ***See*** N.T. Sentencing, 4/9/15, at 38-39. Moreover, the order denying Appellant's untimely post-sentence motion did not advise Appellant that he needed to file his appeal within 30 days of the imposition of sentence on April 9, 2015 because of the untimely nature of his post-sentence motion. If the trial court took this action, Appellant may have filed a timely appeal as he had a few days remaining in the appeal period. ***See id.***, *citing* Pa.R.Crim.P. 720(B)(4)(a) ("[a]n order denying a post-sentence motion, whether issued by the judge ... or entered by the clerk of courts ..., shall include notice to the defendant of", *inter alia*, "the right to appeal and the time limits in which the appeal must be filed"). Accordingly, we decline to quash the instant appeal.[5]

_____

[5] We admonish counsel that, were it not for the breakdown in the judicial system that we have identified, we would be disinclined to entertain relief. In his response to our show cause order, counsel explained that he was
*(Footnote Continued Next Page)*

Since we conclude that we may exercise jurisdiction over this appeal, we turn now to the sole question raised by Appellant. Appellant contends that his aggravated range sentences were manifestly excessive and clearly unreasonable. Appellant asserts the trial court abused its discretion by failing to consider his rehabilitative needs, his history of mental illness and substance abuse, and mitigating factors such as his remorse for his actions and his assistance to law enforcement in other cases. Appellant's Brief at 9.

Appellant's claim raises a challenge to the discretionary aspects of his sentence, which must be considered a petition for permission to appeal. ***Commonwealth v. Roberts***, 133 A.3d 759, 774 (Pa. Super. 2016) (citation omitted). To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

stricken with appendicitis following the imposition of Appellant's sentence on April 9, 2015. Counsel also stated that, because of his medical condition, he obtained leave of court by telephone to file the reconsideration outside the ten-day period. This explanation was not included in the motion, however, and there is no confirmation of this exchange in the certified record. Moreover, counsel did not include documentation of his medical condition in his response to the show cause order. We cannot rely on unsupported justifications as grounds for the failure to abide by well-established procedural rules. Thus, in the absence of the breakdown we have identified, this appeal would be subject to quashal.

*Id.*

Here, we have addressed Appellant's post-sentence motion and notice of appeal and concluded that the untimely nature of these filings will not foreclose review. Appellant has also included a Rule 2119(f) statement in his brief. However, we conclude that Appellant fails to raise a substantial question. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–1229 (Pa. Super. 2008) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Coolbaugh*, 770 A.2d at 793 (claim that a sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where the sentence was within statutory guidelines and within sentencing guidelines), *citing Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa. Super. 1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (claim that trial court failed to appropriately consider appellant's rehabilitative needs does not present substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

Even if we were to determine that Appellant raised a substantial question, we find no merit to the underlying allegations. Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013).

In reviewing a sentence on appeal, an appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1)    the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2)    the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3)    the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781.

When imposing a sentence,

> a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular,

- 10 -

the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a [pre-sentence investigation report], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Griffin*, 65 A.3d at 937-938 (quotations and most internal citations omitted).

At sentencing, the trial court stated that it considered Appellant's prior assistance to law enforcement, the pre-sentence report, Appellant's mental health history, Appellant's criminal history, the sentencing guidelines, the victim's testimony, arguments presented by the Commonwealth, Appellant's statements, Appellant's mother's statements, and arguments advanced by defense counsel. *See* N.T. Sentencing, 4/9/15, at 37. It is obvious from our review of the record that the trial court imposed an individualized sentence based upon careful consideration of the impact of the offense upon the victim, the need to protect the community, and all mitigating factors, including Appellant's rehabilitative needs and his history of mental illness and substance abuse. We further note that, since the trial court had the benefit of a pre-sentence report, we may presume that the trial court was aware of Appellant's character when fashioning Appellant's sentence. Moreover, at sentencing, Appellant, his counsel, and his mother had ample opportunity to address mitigating factors before the court. We do not hesitate in this case to conclude that the trial court gave proper weight and

consideration to Appellant's character, history, and rehabilitative needs before sentencing Appellant to aggravated range sentences on his aggravated assault and false imprisonment convictions.

Finally, the trial court stated at length its reasons for the sentence upon imposing it. The trial court expressly noted, among other things, the brutal and prolonged nature of the assault, the permanent disfigurement of the victim, the severity of the victim's injuries, and Appellant's willingness to "toy" with the victim which was apparent on the video recording. In sum, the trial court carefully considered all relevant information before imposing Appellant's sentence. We discern no abuse of discretion and do not consider Appellant's sentences to be excessive or unreasonable. Accordingly, Appellant's sole issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

- 12 -