J-S75037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DEBBIE NICHOLS, :
:
Appellant : No. 3438 EDA 2015

Appeal from the Judgment of Sentence June 12, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0011197-2014;
CP-51-CR-0011198-2014

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 05, 2016**

Debbie Nichols ("Nichols") appeals from the judgment of sentence

entered after she pled guilty to two counts of aggravated assault, and one

count each of persons not to possess firearms and possession of an

instrument of crime ("PIC").[1]  We affirm.

In Philadelphia on July 14, 2014, Nichols shot two individuals, causing

them minor/moderate injuries.[2]  In March 2015, Nichols entered a non-

negotiated guilty plea to the above-mentioned offenses.  Prior to sentencing,

the trial court ordered the preparation of a pre-sentence investigation report

("PSI").  On June 12, 2015, the trial court sentenced Nichols to serve 3 to 8

years in prison on each of the aggravated assault convictions, graded as a

---

[1] **See** 18 Pa.C.S.A. §§ 2702(a), 6105(a)(1), 907(a).

[2] Nichols alleged at sentencing that she had been previously physically
abused and tortured by one of the victims, and "went berserk" on the day of
the shooting, in retaliation.  N.T., 06/12/15, at 26-27.

first-degree felony, and ordered these sentences to run concurrently.[3]  For

her convictions of persons not to possess firearms and PIC, the trial court

imposed sentences of 5 years of probation, to run concurrently to each

other, but consecutively to the sentences for aggravated assault.  Nichols

timely filed a post-sentence Motion, challenging the discretionary aspects of

her sentence.  Following the denial of this Motion (by operation of law),

Nichols filed a timely Notice of Appeal.  In response, the trial court ordered

Nichols to file a Pa.R.A.P. 1925(b) concise statement of errors complained of

on appeal.  Nichols timely filed a Concise Statement, after which the trial

court issued an Opinion.

On appeal, Nichols presents the following issue for our review:

[Whether] the lower court abuse[d] its discretion by
fashioning a sentence that exceeded that which is necessary
to protect the public[; and the court] did not take into
consideration the gravity of the offense, and failed to address
[Nichols's] rehabilitative needs and potential[?]

Brief for Appellant at 4 (capitalization omitted).

Nichols challenges the discretionary aspects of her sentence, from

---

[3] Notably to the instant appeal, the trial court's sentence on the aggravated assault convictions was *below* the applicable minimum guideline range of 4½ to 5½ years in prison.  Nichols faced a statutory maximum sentence of 20 years in prison on each conviction.

which there is no absolute right to appeal.[4] **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it in a timely post-sentence motion, she must (1) include in her brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. **Hill**, 66 A.3d at 363-64.

Here, Nichols included a Rule 2119(f) Statement in her brief. **See** Brief for Appellant at 9. Accordingly, we will examine the Rule 2119(f) Statement to determine whether a substantial question exists. **See Hill**, **supra**. Nichols asserts as follows:

> [T]he lower court imposed a term of incarceration that was far greater than was necessary to protect the public[,] and the lower court failed to craft a sentence that reasonably reflected the gravity of the offense as it relates to the impact on the victims' lives. Furthermore, given [Nichols's] past, the fact that she acted only under duress, and immediately confessed to investigators, the lower court failed to take into adequate consideration her rehabilitative needs and potential.

Brief for Appellant at 9.

---

[4] The "open" guilty plea Nichols entered permits her to challenge the discretionary aspects of her sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (citing **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994) (explaining that, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his/her sentence)).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); ***see also*** 42 Pa.C.S.A. § 9781(b).

Nichols's claims fail to raise a substantial question that her sentence is not appropriate under the Sentencing Code. ***See Disalvo***, 70 A.3d at 903 (stating that "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.");[5] ***Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013) (noting that an allegation that the trial court failed to consider the particular circumstances involving a defendant, including his/her rehabilitative needs, goes to the weight accorded to various sentencing factors and does not raise a substantial question); ***Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa. Super. 2013) (observing that a bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the

---

[5] We acknowledge that "a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* without considering mitigating factors." ***Commonwealth v. Rhoades***, 8 A.3d 912, 919 n.12 (Pa. Super. 2010) (emphasis in original); ***see also Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (same). However, in the instant case, the trial court sentenced Nichols *below* the sentencing guideline range.

merits of the underlying claim); ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (stating that a claim that a sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question, where the sentence was within the sentencing guidelines); ***see also Commonwealth v. Mouzon***, 812 A.2d 617, 623 (Pa. 2002) (stating that "a claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law.").

Nevertheless, even if Nichols had presented a substantial question, we would determine that the sentencing court properly exercised its discretion in imposing a reasonable sentence.

We review discretionary aspects of sentence claims under the following standard: "[S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006). Moreover, the sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding her crime. ***Commonwealth v. Walls***, 846 A.2d 152, 154-55 (Pa. Super. 2004). The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is

consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Initially, we observe that the sentencing court here had the benefit of a PSI, which the court expressly stated it had considered prior to imposing sentence. N.T., 06/12/15, at 28. Where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations (including any mitigating factors), and that "where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Further, in its Opinion, the trial court addressed Nichols's challenge to her sentence as follows:

> The undisputed [minimum] sentencing guideline range was 54 to 66 months[, plus or minus] 12 months on the deadly weapon used matrix. Prior to imposing sentence, [the sentencing c]ourt considered the [PSI], the sentencing guidelines and the circumstances and seriousness of a gun being used on the streets of the city. (N.T.[,] 06/12/15[, at] 5, 28, 29)[.] The [c]ourt further noted for the record that it considered the long history between [Nichols] and one of the victims to be

mitigation,[6] and that it was possible that [Nichols] could be rehabilitated. (N.T.[,] 06/12/15[, at] 29)[.] The [c]ourt determined that the protection of the public and the gravity of the offenses[,] along with the mitigating circumstances[,] warranted the sentence of 36-96 months [of] incarceration[,] followed by 5 years [of] probation, a sentence well below the mitigated guideline range.

Trial Court Opinion, 1/13/16, at 3 (footnote added); *see also*, *e.g.*, *Moury*, 992 A.2d at 171 (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Moreover, contrary to Nichols's implication, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Moury*, 992 A.2d at 171 (citation omitted). Additionally, contrary to Nichols's assertion, because the sentencing court had reviewed her PSI, it, in fact, considered the purportedly mitigating factors of, *inter alia*, her age and lack of prior convictions for a violent crime. The sentencing court was also aware of Nichols's rehabilitative needs/potential, as evidenced by the court's

---

[6] Concerning Nichols's claim of the alleged abuse she had suffered from one of the victims, the sentencing court stated, *inter alia*, as follows:

[T]his is certainly an unfortunate incident that has occurred here. And I agree with you on one thing, [] Nichols, that [the shooting] probably could have been prevented had you taken some action previously. However, the fact is that it did occur. It's a violent event[,] … [which involved] the use of a gun on the streets in the city …[,] where not one[,] but two individuals were injured as the result of your actions. So actually[,] that cannot be excused in the sense of the sentence that should be imposed on you.

N.T., 06/12/15, at 28.

stating at sentencing its belief that Nichols *could* be rehabilitated. N.T., 06/12/15, at 29. Accordingly, Nichols's challenge to her sentence would fail on the merits.

Based upon the foregoing, we discern no abuse of discretion by the sentencing court in sentencing Nichols to a reasonable term of incarceration.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

- 8 -