J. S01017/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANTES E. WALLACE, | : | |
| | : | |
| Appellant | : | No. 1160 MDA 2016 |

Appeal from the Judgment of Sentence July 11, 2016
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001275-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 13, 2017**

Appellant, Dantes E. Wallace, appeals from the Judgment of Sentence entered following the revocation of his probation. On appeal, Appellant challenges the discretionary aspects of his sentence. Appellant's counsel filed an Application to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stating that the appeal is wholly frivolous. After careful review, we affirm the Judgment of Sentence and grant the application to withdraw.

The facts, as gleaned from the certified record, are as follows. On June 16, 2015, police arrested Appellant after detectives observed Appellant engage in a controlled sale of crack cocaine to a confidential informant. On August 7, 2015, Appellant entered into a guilty plea to one count of Criminal

Conspiracy to Commit Delivery of a Controlled Substance in violation of 18 Pa.C.S. § 903.[1]  On October 16, 2015, the trial court sentenced Appellant to five years of Restrictive Intermediate Punishment, with Appellant to serve the first three months in confinement in Lackawanna County prison, and then three months on house arrest.  As a condition of his sentence, Appellant was ordered not to consume drugs or alcohol, to stay away from liquor-licensed premises, to obtain a drug and alcohol assessment, and to participate in Lackawanna County's Veteran's Treatment Court.

On February 23, 2016, Appellant tested positive for marijuana. Appellant denied using marijuana, so the sample underwent additional testing.  Further testing yielded positive results; therefore, Appellant was detained and transported to prison.

Appellant was released from custody on March 10, 2016.  Three days later, on March 13, 2016, Appellant was randomly screened for alcohol use and tested positive.  He was again detained and transported to prison. On May 23, 2016, Appellant's Probation Officer filed a Probation Violation Petition.

On June 15, 2016, Appellant stipulated to the probation violations. The court, therefore, revoked Appellant's probation sentence, and sentenced

---

[1] In exchange, the Commonwealth withdrew charges of Delivery of a Controlled Substance, Criminal Use of a Communication Facility, Possession of a Controlled Substance, and Possession of Drug Paraphernalia.

Appellant to one to two years' incarceration followed by two years' supervised probation.

Appellant filed a Motion for Reconsideration of Sentence, asserting that the sentence was harsh and excessive in light of his addiction issues, which the trial court denied on June 22, 2016. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On October 24, 2016, Appellant's counsel filed an Application to Withdraw as Counsel, and on November 21, 2016, she filed a Brief pursuant to **Anders** and **Santiago**, **supra**.

Before we address the merits of this appeal, we must determine whether counsel has followed the procedures for filing a brief and petition to withdraw pursuant to **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw explaining that he or she made a conscientious examination of the record and determined that an appeal would be frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the **Anders** Brief to the appellant and inform him of his right to proceed *pro se*, retain different counsel, or assert issues not included in the **Anders** Brief. **Id.**

The substance of the Anders brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous."

**Santiago**, 978 A.2d at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client:

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* Brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concludes that the instant appeal is wholly frivolous. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letter from Counsel to Appellant, dated 10/24/16. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Appellant's sole issue in his *Anders* Brief challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely Notice of Appeal and a timely Post-Sentence Motion. He also included a separate Pa.R.A.P. 2119(f) Statement in his *Anders* Brief. As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation marks omitted).

Here, Appellant avers in his Pa.R.A.P. 2119(f) Statement, that his "sentence was unwarranted given the fact that he has addiction issues." *Anders* Brief at 10. Although Appellant concedes that the sentence imposed following the revocation of his probation falls within the statutory limits,[2] he claims that it is inappropriately harsh and excessive because his probation violation arose from his addiction problems. *Id.* at 10-12. He argues that his sentence of incarceration is excessive, and the court failed to consider his rehabilitative needs or to identify how the sentence imposed would protect the public. *Id.*

---

[2] The statutory limit for Conspiracy to Commit Delivery of a Controlled Substance is ten years' incarceration.

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (citation omitted) (emphasis in original.) Moreover,

> there is ample precedent to support a determination that a claim that the trial court failed to consider an appellant's rehabilitative needs fails to raise a substantial question[.] **See Commonwealth v. Cannon**, 954 A.2d 1222, 1228–29 (Pa.Super.2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 793 (Pa.Super.2001) (citing **Commonwealth v. Mobley**, 399 Pa.Super. 108, 581 A.2d 949, 952 (1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); **Commonwealth v. Coss**, 695 A.2d 831, 833 (Pa.Super.1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); **Commonwealth v. Bershad**, 693 A.2d 1303, 1309 (Pa.Super.1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); **Commonwealth v. Lawson**, 437 Pa.Super. 521, 650 A.2d 876, 881 (1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

**Id.** (citing **Commonwealth v. Griffin**, 65 A.3d 932, 936-37 (Pa. Super. 2013).

Accordingly, we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence and agree with counsel that this appeal is wholly frivolous. Furthermore, our

independent review of the record reveals no additional non-frivolous claims.

We, therefore, grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Application to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017