J-S77029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RONALD DRUMMOND | : | |
| Appellant | : | No. 1154 MDA 2017 |

Appeal from the Judgment of Sentence January 18, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005580-2015

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 19, 2018**

Ronald Drummond appeals, *nunc pro tunc*, from his judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after a jury found him guilty of driving under the influence with a minor occupant, endangering the welfare of a child and operating without eye protection. Counsel has petitioned this Court to withdraw from his representation of Drummond pursuant to **Anders** and **Santiago**.[1]   Upon review, we affirm Drummond's judgment of sentence and grant counsel's petition to withdraw.

On November 3, 2016, Drummond was convicted by a jury of the above offenses.  On January 18, 2017, the court sentenced him to an aggregate term

_____

[1] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

_____

*   Former Justice specially assigned to the Superior Court.

of 4 to 18 months' incarceration, plus fines and costs. Drummond filed an untimely *pro se* motion to modify sentence, upon receipt of which the trial court appointed counsel and directed him to file a petition under the Post Conviction Relief Act (PCRA).[2] On April 25, 2017, the court reinstated Drummond's post-sentence and appellate rights. Drummond filed a *nunc pro tunc* motion to modify sentence on May 4, 2017, which the court denied on July 10, 2017 following oral argument. This timely appeal follows, in which counsel has sought permission to withdraw from his representation of Drummond.

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Drummond with a copy of the brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[3] Counsel has also submitted a brief, setting out the single issue raised by Drummond and, pursuant to the dictates of **Santiago**, explains in his petition to withdraw why he believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the procedural requirements for withdrawal, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Drummond claims that his sentence is excessive given his particular circumstances. This raises a challenge to the discretionary aspects of sentencing. Such a claim does not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

---

[3] Drummond has not submitted any additional or supplemental filings to this Court.

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Drummond filed a post-sentence motion to modify sentence, *nunc pro tunc*, filed a timely appeal, and includes in his brief a statement of reasons in support of allowance of appeal pursuant to Pa.R.A.P. 2119(f). Drummond having complied with the procedural requirements, we must now determine if he has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015), quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

In his Rule 2119(f) statement, Drummond asserts that his sentence was excessive in light of the fact that, while incarcerated, he completed his alcohol and safety training; he did not have a prior record; and prior to his incarceration he had been employed by the same employer for over 10 years. In sum, Drummond alleges that the trial court's sentence did not "reflect the

requisite considerations for [his] rehabilitation" and did not properly consider his character, background and history. Brief of Appellant, at 10. Drummond is not entitled to review.

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does *not* raise a substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996–97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original).

> There is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's rehabilitative needs] fails to raise a substantial question[.] ***See Commonwealth v. Cannon***, 954 A.2d 1222, 1228–29 (Pa. Super. 2008), appeal denied, [] 964 A.2d 893 ([Pa.] 2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 793 (Pa. Super. 2001) (citing ***Commonwealth v. Mobley***, [] 581 A.2d 949, 952 ([Pa. Super.] 1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833 (Pa. Super. 1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); ***Commonwealth v. Bershad***, 693 A.2d 1303, 1309 (Pa. Super. 1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); ***Commonwealth v. Lawson***, [] 650 A.2d 876, 881 ([Pa. Super.] 1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

***Commonwealth v. Griffin***, 65 A.3d 932, 936–37 (Pa. Super. 2013). Accordingly, we conclude that Drummond has failed to present a substantial question for our review.[4]

Judgment of sentence affirmed. Petition to withdraw granted.

President Judge Emeritus Bender joins the Memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/19/2018

---

[4] Even if we were to review the merits of Drummond's claim, he would be entitled to no relief. The trial court was in possession of a presentence report, and Drummond's sentences were both on the lower end of the standard range of the sentencing guidelines. Where the sentencing court imposes a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Under those circumstances, we assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Accordingly, Drummond's claim is meritless.