J-S68017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY VAUGHN HAMMAKER, | : | |
| | : | |
| Appellant | : | No. 261 MDA 2017 |

Appeal from the Judgment of Sentence Entered January 10, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000056-2011,
CP-41-CR-0000733-2011

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                     **FILED FEBRUARY 12, 2018**

Appellant, Cody Vaughn Hammaker, appeals from the Judgment of Sentence entered following the revocation of his probation.  On appeal, Appellant challenges the discretionary aspects of his sentence, arguing that, in imposing an aggregate term of five to fifteen years' imprisonment, the violation of probation ("VOP") court imposed an excessive and unreasonable sentence.  Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and amended in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   Upon review, we find that Appellant's claim is frivolous. Accordingly, we affirm his Judgment of Sentence and grant counsel's Petition to Withdraw.

_____
* Retired Senior Judge assigned to the Superior Court.

On February 22, 2011, Appellant entered a guilty plea at docket No. CP-41-CR-0000056-2011 to, *inter alia*, one count of Corruption of Minors.[1] On May 26, 2011, the trial court imposed an aggregate sentence of 5 years' probation.

On June 13, 2011, Appellant entered a guilty plea at docket No. CP-41-CR-0000733-2011 to two counts of Criminal Mischief.[2] The trial court imposed an aggregate term of 2 years' state intermediate punishment, with the first thirty days in confinement, followed by a consecutive term of two years' probation, all to run consecutive to the sentence at docket No. CP-41-CR-0000056-2011.

While serving his probationary sentence under the trial court's supervision, Appellant absconded twice, escaped once, committed new criminal offenses on four separate occasions, and committed at least two technical violations of his supervision, resulting in four revocations. ***See*** VOP Court Opinion, filed 6/22/17, at 1-4; VOP Order, filed 1/10/17, at 1.

Relevant to the instant appeal, while serving a sentence of state intermediate punishment, the state intermediate punishment program expelled Appellant after he was convicted of two new criminal offenses. On

---

[1] 18 Pa.C.S. § 6301.

[2] 18 Pa.C.S. § 3304(a)(2).

January 10, 2017, the trial court, sitting as the VOP court, conducted a VOP hearing and revoked Appellant's state intermediate punishment.

On January 26, 2017, Appellant filed a Motion to Reconsider *Nunc Pro Tunc*, in which he challenged the discretionary aspects of his sentence. The VOP court summarily denied the Motion on January 31, 2017. Appellant filed a timely Notice of Appeal.

On August 10, 2017, counsel for Appellant filed an **Anders** Brief and a Petition to Withdraw as Counsel. Counsel also filed a copy of a letter addressed to Appellant informing Appellant of counsel's Petition to Withdraw and his right to retain new counsel or proceed *pro se*. Appellant did not file a response.

In her **Anders** Brief, counsel raised two issues:

[1.] Whether an application to withdraw as counsel [s]hould be granted where counsel has investigated the possible grounds for appeal and finds the appeal frivolous[?]

[2.] Whether the lower court abused its discretion by imposing a manifestly harsh and excessive sentence[?]

**Anders** Brief at 6.

As Appellant's counsel has filed an **Anders** Brief, we must consider her request to withdraw as counsel prior to reviewing the merits of Appellant's claims. **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel has complied with the mandated procedure for withdrawing as counsel. **See Commonwealth v. Santiago**, **supra** at 361 (articulating **Anders** requirements); **Daniels, supra** at 594 (providing that counsel must

inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition).

As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous. *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015).

Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant did not properly preserve this issue at sentencing or in a timely Motion to Reconsider. At sentencing, Appellant did not challenge his sentence as harsh or excessive. *See* N.T., 1/10/17, at 2-18. After the VOP hearing and sentencing, Appellant sought permission to

file a Motion to Reconsider *Nunc Pro Tunc* more than two weeks after his sentencing, which the VOP court summarily denied.[3]  **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); **Commonwealth v. Dreves**, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (*en banc*) ("To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause . . . If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly. . . . The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion.").

Even assuming Appellant had preserved his claim, Appellant's claim does not present a "substantial question" for review.  An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."  **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

_____

[3] We also note that Appellant did not include a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement") in the **Anders** Brief.  However, this Court may ignore such a defect in cases where counsel seeks permission to withdraw.  **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.").

Here, Appellant avers that the VOP court imposed a "manifestly harsh and excessive sentence" and failed to adequately consider various mitigating factors, such as his contention "that he has changed during his time in prison." ***Anders*** Brief at 13. An argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Miklos***, 159 A.3d 962, 970 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1042 (Pa. 2017); ***see also Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Appellant recognizes that his VOP sentences "were not in excess of the maximum sentence allowed by statute, nor were they outside the sentencing guideline range." ***Anders*** Brief at 13-14.[4] Moreover, we note that Appellant does not allege that the court miscalculated his prior record score, that his sentence is outside the statutory maximum, or that it is contrary to the fundamental norms underlying the sentencing process. Neither does

---

[4] We recognize that the sentencing guidelines do not apply to a revocation sentence. ***See*** 204 Pa. Code § 303.1(b); ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

Appellant point to any specific provision of the Sentencing Code that the sentencing court ostensibly violated.

It is clear from our precedent that Appellant has failed to raise a substantial question with respect to his excessiveness argument. ***See, e.g., Commonwealth v. Griffin***, 65 A.3d 932, 936-37 (Pa. Super. 2013) (claim that the trial court failed to consider defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question raised where sentence was within statutory guidelines and defendant alleged that his probation revocation sentence was manifestly excessive, inconsistent with sentencing code, deviated from guidelines without providing adequate reasons, and utilized improper factors); ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question).

Accordingly, we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence. We agree

with counsel that this claim is wholly frivolous. Further, after conducting our independent review as required pursuant to **Anders**, **supra**, we discern no non-frivolous issues to be raised on appeal. We therefore grant counsel's Petition to Withdraw and affirm the January 10, 2017 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2018