J-S40008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| OFRARLIN MARTINEZ-ROSARIO, | : | |
| | : | |
| Appellant | : | No. 2731 EDA 2017 |

Appeal from the Judgment of Sentence July 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0011207-2015

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 21, 2018**

Appellant, Ofrarlin Martinez-Rosario, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas after he entered an open guilty plea to Aggravated Assault and Possession of an Instrument of Crime ("PIC").[1]  On appeal, he challenges the discretionary aspects of his sentence.  Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

The trial court set forth the underlying facts in its Pa.R.A.P. 1925(a) Opinion and we need not repeat them in detail.  **See** Trial Court Opinion, filed

---

[1] 18 Pa.C.S. § 2702(a)(1) and 18 Pa.C.S. § 907(a), respectively.

---

* Retired Senior Judge assigned to the Superior Court.

11/30/17, at 2. Briefly, in June 2015 Appellant stabbed the victim several times with a machete during an argument. On April 18, 2017, Appellant entered an open guilty plea to one count each of Aggravated Assault and PIC. In exchange, the Commonwealth *nolle prossed* several charges, including Attempted Murder, and agreed to request at most a three-year minimum term of incarceration at sentencing. The trial court ordered a pre-sentence investigation report and a mental health evaluation, and deferred sentencing.

On July 7, 2017, the court sentenced Appellant to an aggregate term of 2½ to 5 years' incarceration, followed by 3 years' probation. Appellant filed a timely Post-Sentence Motion for Reconsideration summarily requesting a sentence of 11½ to 23 months' incarceration, which the trial court denied on July 31, 2017.

On August 29, 2017, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On May 4, 2018, counsel filed a Brief and a Petition to Withdraw pursuant to **Anders** and **Santiago**. Appellant did not file a response to counsel's **Anders** Brief.

In his **Anders** Brief, counsel raised one issue:

Did not the lower court's imposition of a 2½ to 5 year sentence of incarceration violate 42 Pa.C.S. § 9721, and was it not an abuse of discretion where the court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs or background, and failed to explain how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the [A]ppellant?

*Anders* Brief at 3.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id*. *See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an *Anders* Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Goodwin*, *supra* at 291; *Commonwealth v. Yorgey*, ___ A.3d ___, 2018 PA Super 136, *5 (Pa. Super. filed May 24, 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel in the instant appeal has complied with the above requirements. We thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In the *Anders* Brief, Appellant's counsel raised a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's exercise of its discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." *Id.* (citation omitted).

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). *See also Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that defendant waived discretionary aspects of sentencing claim regarding

sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion, but only argued that his sentence was unduly severe and the trial court abused its discretion under the sentencing code).

In the instant case, Appellant did not properly preserve this issue at sentencing or in his Post-Sentence Motion to Reconsider. At sentencing, Appellant did not challenge the discretionary aspects of his sentence on the same grounds he now presents on appeal. *See* N.T., 7/7/17, at 3-16.

In his Post-Sentence Motion, Appellant did not assert that the trial court violated any statute, failed to give individualized consideration to Appellant's rehabilitative needs, or any other theory included in his issue presented on appeal. Instead, Appellant baldly requested a reduced sentence as follows:

> 1. Petitioner entered a guilty plea on April 18, 2017 to one count of Aggravated Assault F1 and one count of [P]ossession of an Instrument of Crime.
>
> 2. On July 7, 2017 this court sentenced Petitioner to 2½ to 5 years on the Assault to be followed by 3 years reporting probation.
>
> 3. Petitioner asks this Court to reconsider the custody portion of the sentence and impose a sentence of 11 ½ to 23 months. The Petitioner has 2 years of time credit.
>
> WHEREFORE, petitioner, through her counsel, respectfully requests this Honorable Court impose the requested sentence.

Appellant's Post-Sentence Motion, filed 7/14/17, at 1-2 (unpaginated).

Although Appellant requested a lesser sentence in his Post-Sentence Motion, Appellant's Motion failed to preserve the specific issue presented in

the **Anders** Brief.     **See** Pa.R.A.P. 302; Pa.R.Crim.P. 720(B)(1)(a);

**Commonwealth v. McAfee**, 849 A.2d 270 (Pa. Super. 2004) (defendant

cannot cure failure to raise discretionary aspects of sentencing issue at

sentencing or in a post-sentence motion "by submitting the challenge in a Rule

1925(b) statement."). This failure deprived the trial court of the opportunity

to reconsider or modify Appellant's sentence based on the reason Appellant

raises in this appeal. Thus, we must find it waived.[2] **Mann**, 820 A.2d at 793-

94.

Even if Appellant had preserved his claim, Appellant's claim does not

present a "substantial question" for review. An appellant raises a "substantial

question" when he "sets forth a plausible argument that the sentence violates

a provision of the sentencing code or is contrary to the fundamental norms of

the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282

(Pa. Super. 2010) (citation omitted).

Here, Appellant avers that the trial court failed to adequately consider

various mitigating factors and Appellant's rehabilitative needs, and failed to

impose an individualized sentence as a result. **Anders** Brief at 3. Appellant

---

[2] We also note that Appellant did not include a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) in the **Anders** Brief. However, this Court may ignore such a defect in cases where counsel seeks permission to withdraw. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.").

recognizes that the trial court imposed a legal sentence below the applicable statutory maximums, and that his sentence fell within the mitigated range of the sentencing guidelines. *Anders* Brief at 15-16.

It is clear from our precedent that Appellant has failed to raise a substantial question with respect to his sentencing arguments. *See, e.g., Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa. Super. 2013) (claim that the trial court failed to consider defendant's rehabilitative needs in imposing standard-range sentences did not raise a substantial question); *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines). *See also Commonwealth v. Miklos*, 159 A.3d 962, 970 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1042 (Pa. 2017) (holding that an argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review); *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Accordingly, in addition to our waiver conclusion, we agree with counsel that this claim is wholly frivolous. After conducting our independent review as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal. We therefore grant counsel's Petition to Withdraw and affirm the July 7, 2017 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/18