J-S37037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID ROCKEL | : | |
| Appellant | : | No. 587 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 17, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001499-2023

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 18, 2025**

Appellant, David Rockel, appeals from the judgment of sentence entered on January 17, 2025. In this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts and procedural history as set forth by the trial court are as follows:

> In April 2023, agents from the Pennsylvania Office of the Attorney General, Bureau of Narcotics Investigation (BNI) were conducting a drug investigation utilizing a confidential informant ("CI") and undercover agents. As a result of the investigation, BNI agents obtained a search warrant for the residence and storage locker of the defendant, David Rockel. On April 19, 2023, agents executed said warrants, following which the defendant was charged with Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Persons Not to Possess a Firearm.
>
> On November 14, 2024, the defendant pleaded guilty to one count of Possession with Intent to Deliver a Controlled Substance ("PWI"), 35 P.S. § 780-113(a)(30), and one count of Persons Not to Possess a Firearm, 18 Pa.C.S.A. § 6105(a)(1). [The trial court] ordered a pre-sentence investigation ("PSI") report, and on January 17, 2025, [] sentenced the defendant to an aggregate term of 7 to 14 years in a State Correctional Institution. The minimum sentence on the PWI count was below the mitigated range of the sentencing guidelines and the minimum sentence on the firearm charge was in the mitigated range of the guidelines. On January 21, 2025, the defendant filed a Motion for Reconsideration of Sentence. Following a hearing on February 18, 2025, [the trial court] denied the motion.

Tr. Ct. Op. at 1-2.

Appellant filed a timely notice of appeal on February 25, 2025. On March 20, 2025, defense counsel, Jeffrey G. Velander, Esquire, filed a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw in lieu of a 1925(b) statement. Counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 359 (Pa. 2009). The trial court filed its Rule 1925(a) opinion on April 25, 2025. This appeal follows.

Counsel raises two issues for our review:

A. Whether the trial [c]ourt abused its discretion in imposing a manifestly excessive and unreasonable sentence based upon the factors reviewed by the [c]ourt and that the [c]ourt improperly concentrated upon the severity of the crime failing to properly and fully consider all mitigating evidence and reports?

B. May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the *Ander's* case?

Appellant's Br. at 4.

Prior to addressing this appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

- 3 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d at 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted).

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. After review of the *Anders* brief, we find that counsel sufficiently complied with the procedural requirements of *Anders* as articulated by *Santiago*. The brief contains a factual and procedural summary, a conclusion that the appeal is frivolous, and counsel's reasoning for it. Appellant's Br. at 13-20. Attached to the brief is a copy of a letter advising Appellant of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). *See* Appellant's Br., Exhibit D. The *Millisock* letter and certificates of service attached to the brief and application to withdraw indicate Appellant was served a copy of the documents. Counsel also filed a statement of intent to withdraw in the trial court pursuant to Pa. R.A.P. 1925(c)(4) on March 20, 2025.

Accordingly, we will address the merits of the issue Counsel raised on Appellant's behalf.

Appellant's issue seeks to challenge the discretionary aspects of sentencing. Appellant's Br. at 4.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

To invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*.

Here, Appellant filed a timely appeal and preserved its contentions in a post-sentence motion to reconsider sentence, which was denied. Counsel presented a Pa.R.A.P. 2119(f) statement in the Appellant's brief. **See** Appellant's Br. at 12. It states Appellant's belief that the court overemphasized the severity of the offense and failed to fully and adequately give meaningful consideration to the relevant factors as set forth in the Sentencing Code, specifically Appellant's poor health.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012). "[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." **Commonwealth v. Berry**, 785 A.2d 994, 996-97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original). Specifically,

[t]here is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's

- 6 -

rehabilitative needs] fails to raise a substantial question.... *See* *Commonwealth v. Cannon*, 2008 PA Super 178, 954 A.2d 1222, 1228-29 (Pa.Super.2008), appeal denied, 964 A.2d 893, 600 Pa. 743 ([Pa.]2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Coolbaugh*, 2001 PA Super 77, 770 A.2d 788, 793 (Pa.Super.2001) (citing *Commonwealth v. Mobley*, 581 A.2d 949, 952, 399 Pa. Super. 108 ([Pa.Super.]1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa.Super.1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa.Super.1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881, 437 Pa. Super. 521 ([Pa.Super.]1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

*Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa. Super. 2013), appeal denied, 76 A.3d 538 (Pa. 2013).

Here, Appellant's sentence on the first count was below the mitigated range. His sentence on the second count was on the low end of the mitigated range. N.T., 1/17/25, at 107. We agree, as Counsel acknowledges, that "[t]he facts do not permit the assertion that the sentences violate the sentencing code, and they do not pose a substantial question." Appellant's Br. at 12. First, a sentence that is within the standard range of the guidelines, let alone below

the mitigated range as in this case, is generally viewed as appropriate under the Sentencing Code, **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010), and a claim that the sentence is excessive in these circumstances does not raise a substantial question. **See Coss, Bershad, supra**.

Even if the claim presented raised a substantial question, Appellant's only real complaint regarding the length of his sentence is that the court did not consider his poor health. However, this complaint is belied by the record: At sentencing, the trial court noted that the recommended sentence on count one was ten to twenty years. N.T., 1/17/25, at 17. The court then proceeded to discuss on the record:

> THE COURT: Now, given Mr. Rockel's age and medical condition, it's unlikely he would survive too, you know, max out. Because he's got what—how many—how much credit does he have?
>
> MR. PATTERSON: 22 months.
>
> THE COURT: 22 months. That would take him to about age 78, and he's—I can just look at him, and given his medical condition, he would—I doubt that he would reach max-age, you know—

**Id.** at 17-18.

The court mentioned throughout the sentencing hearing that Appellant was sick, **see id.** at 26, 34, acknowledged his documented hospitalizations, that he needs to breathe through an oxygen tank, that he uses a wheelchair, and that he has poor health. **Id.** at 48, 49. The sentencing transcript in this case reveals that the court gave a great deal of thought to Appellant's case,

considering all the sentencing factors and having the benefit of a PSI. ***See*** Docket (stating PSI ordered 11/14/24).

Finally, we note that the trial court judge, the Honorable James T. Anthony, did not merely go through the motions but engaged in a thoughtful, individualized assessment that went well beyond a perfunctory sentencing analysis. The sentencing transcript is over 100 pages long and the judge and Appellant discussed their backgrounds, their lives, and their interests. ***See generally***, N.T. 1/17/25. It is obvious to us that Judge Anthony made an effort to help Appellant understand that the court was sympathetic to Appellant's situation despite Appellant admitting that he is probably in his unhealthy state because of the drugs he put in his body over the years. N.T., 1/17/25, at 26. The judge spent time relating to Appellant, gave Appellant plenty of time to speak, and ultimately came out with a sentence well below the standard range. Accordingly, there was no abuse of discretion.

Determining that the issue identified by Counsel in this appeal is wholly frivolous, we conducted an independent review of the record to determine if there are any meritorious issues present in this case. Following our review, we conclude that there are no non-frivolous issues to be raised on appeal. Accordingly, we grant Attorney Velander's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2025